**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TIMOTHY W. SAUNDERS,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION: 1:10-00439-KD-C** |
| | : | |
| **STATE OF ALABAMA,** | : | |
| **Respondent.** | : | |

**ORDER**

This matter is before the Court on Petitioner Saunders' Motion to Alter Judgment per Fed.R.Civ.P. Rule 60(b)(1) (Doc. 59) and the State of Alabama's Response (Doc. 62).

**I.**    **Background**

On February 1, 2019, the Court denied Saunders' amended 28 U.S.C. § 2254 habeas petition. (Docs. 51 and 52)  The Court issued a certificate of appealability as to claim 1.b. -- "...Saunders's trial counsel was ineffective during the guilt phase because even if trial counsel's decision to call Mr. Saunders to testify during the guilt phase was made for strategic reasons, trial counsel's execution of that decision was ineffective at best, and, at worst, tended to establish the inference that Mr. Saunders was guilty of capital murder...." (Doc. 51 at 100).

On March 1, 2019, Saunders filed a notice of appeal.  (Doc. 53).  On February 21, 2020, the Eleventh Circuit issued its opinion on Saunders' appeal regarding Claim 1.b, affirming this Court's denial of his Section 2254 petition.  (Doc. 64).  The mandate has not yet issued with regard to that appeal.

On January 31, 2020, Saunders filed a Rule 60(b)(1) motion to alter the judgment, citing a conflict with counsel.  (Doc. 59).  Per Saunders, "[t]he question presented....is whether... [he] has shown excusable negligent sufficient to re-open the judgment. This Motion does not seek a ruling

on whether... [he] received ineffective assistance of trial counsel. This Motion only seeks further proceedings consistent with *Martinez v. Ryan*...[132 S.Ct. 1309 (2012)], based on attorney-client conflict of interest." (Doc. 59 at 1-2 (footnote omitted)). The Court in <u>Martinez</u> held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." <u>Martinez v. Ryan</u>, 566 U.S. 1, 9, 132 S. Ct. 1309, 1315 (2012).

In further explanation, Saunders highlights the following in his case:

> In 2009, Balch & Bingham, LLP appeared as Mr. Saunders' volunteer counsel of record. Volunteer counsel sought state post-conviction relief for Mr. Saunders. On November 24, 2009, Mr. Saunders filed the initial petition for post-conviction relief ("Petition") pursuant to Rule 32 of the Alabama Rules of Criminal Procedure....assert[ing] several claims of ineffective assistance of trial counsel. The trial court summarily dismissed Mr. Saunders' claims on February 11, 2010....On appeal, the Alabama Court of Criminal appeal ("CCA") affirmed the summary dismissal...and the Alabama Supreme Court denied certiorari in 2017....

> In federal habeas, the same volunteer counsel that represented Mr. Saunders in state post-conviction proceedings continued to represent Mr. Saunders. In his federal habeas petition, Mr. Saunders did not seek to overcome any procedural bars by asserting entitlement to equitable relief granted in *Martinez*....When this Court denied habeas relief on February 1, 2019, it found an ineffective assistance of trial counsel claim procedurally barred.

(<u>Id</u>. at 2-3 (footnotes omitted)). From this, Saunders argues: 1) conflicted counsel could not assert the equitable remedy in <u>Martinez</u>; 2) his motion is not a successive habeas petition subject to AEDPA preclusion; and 3) he is entitled to relief based on excusable neglect. (<u>Id</u>. at 3-7).

## II.  <u>Discussion</u>

As an initial matter, Saunders' January 31, 2020 Rule 60(b)(1) motion does not appear to be rendered moot per the issuance of the February 21, 2020 appellate opinion as the mandate has not issued. District courts retain jurisdiction after the filing of an appeal to entertain *and deny* a

Rule 60(b) motion. <u>Munoz v. US</u>, 451 Fed. Appx. 818, 819 (11th Cir. 2011) (district court had jurisdiction to entertain and deny habeas motions for reconsideration of judgment denying habeas petition despite appeal).[1]  With that clarification, the Court analyzes Saunders' Rule 60(b)(1) argument.

Rule 60(b)(1) permits a court to relieve a party from a "final judgment, order, or proceeding" due to mistake, inadvertence, surprise, or excusable neglect.  However, Rule 60(b) provides "only a limited basis" for "relief from a final judgment in a habeas case." <u>Williams v. Chatman</u>, 510 F.3d 1290, 1293 (11th Cir. 2007). Indeed, "there are stringent limitations" on habeas petitioners' abilities to rely on Rule 60(b).  <u>United States v. Woods</u>, 2010 WL 3724036, *2 (S.D. Ala. Sept. 16, 2010) (citing <u>United States v. Harris</u>, 2010 WL 2231893 (S.D. Ala. Jun. 2, 2010)).

In <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 531-532 (2005), the Supreme Court provided guidance as to how Rule 60 habeas motions should be construed. If the motion seeks to add a new ground for relief from the underlying judgment of conviction or sentence, or otherwise attacks the district court's resolution of any original habeas claims on the merits, then the court should construe

---

[1]  Per <u>Munoz</u>:

Generally, "the filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal." <u>*Id.* at 1179.</u> Nonetheless, we have held that "district courts retain jurisdiction after the filing of an appeal to entertain and *deny* a <u>Rule 60(b)</u> motion." <u>*Id.* at 1180</u> (emphasis added). However, the district court may not *grant* a <u>Rule 60(b)</u> motion while the matter is pending on appeal. <u>*Id.*</u> (emphasis added).

Accordingly, we explained in <u>*Mahone*</u> that the proper course for a district court to follow when "presented with a <u>Rule 60(b)</u> motion after a notice of appeal [of the underlying judgment] has been filed [is to] consider the motion and assess its merits." <u>*Id.*</u> The district court "may then deny the motion or indicate its belief that the arguments raised are meritorious." <u>*Id.*</u> If the district court finds the arguments meritorious, "the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion." ....

<u>Munoz</u>, 451 Fed. Appx. at 819-820.

the Rule 60 motion as a second or successive habeas petition and dismiss it accordingly. Id.  See also Williams, 510 F.3d at 1293-1294.

In contrast, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not treat the motion as a successive habeas petition.  Gonzalez, 545 U.S. at 532-533.  Such actions are properly brought under Rule 60 and can be ruled on by the district court without the precertification from the court of appeals that is ordinarily required for a second or successive habeas petition.  Id. at 538.

It appears that Saunders' Rule 60(b)(1) motion attacks a defect in the integrity of his habeas proceeding (conflicted counsel failure to argue cause to overcome procedural default), not the substance of the court's resolution of his claim on the merits. Thus, the Court will consider Saunders' motion pursuant to Rule 60(b)(1).

Saunders hinges his Rule 60(b)(1) motion on excusable neglect, stating that "he relied on counsel who labored under a conflict of interest."  (Doc. 59 at 5).  Accordingly, Saunders asserts he "never had the opportunity to establish cause or prejudice [per Martinez], because his volunteer counsel is unable to assert his own ineffectiveness...[and]...any neglect....is excusable based on volunteer counsel's failure to recognize the conflict, notify Mr. Saunders, withdraw or seek substitution[]" of counsel in his case.  (Id. at 4).

As recently explained in Chege v. Georgia Dept. of Juv. Justice, 787 Fed. Appx. 595, 598-599 (11th Cir. 2019):

> "Excusable neglect" within the meaning of Rule 60(b)(1) "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394....(1993) ....Whether a party's non-compliance with a deadline constitutes "excusable neglect" is an equitable decision turning on "all relevant

circumstances surrounding the party's omission." Id. at 395....factors pertinent....include these elements: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.

Our court then extended Pioneer.....to Rule 60 cases; our precedents say a court abuses its discretion when the court fails to consider, at least, each of the factors announced in Pioneer when ruling on a Rule 60(b) motion. See Conn. State Dental Ass'n, 591 F.3d at 1356; Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996).

\*\*\*

....Our precedents say that, of the factors identified in Pioneer, the Supreme Court "accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *See Cheney, 71 F.3d at 850*.

...

\*\*\*

.... the district court erred in failing to show that...[it] considered each of the pertinent Pioneer factors and weighed everything before making the determination about excusable neglect. *See Conn. State Dental Ass'n, 591 F.3d at 1356*; Cheney, 71 F.3d at 850.....

Additionally, as an equitable inquiry, courts also consider "all relevant circumstances." Grant v. Pottinger-Gibson, 725 Fed. Appx. 772, 775 (11th Cir. 2018) (citing Cheney, 71 F.3d at 850).

To the extent applicable, the Court addresses the Pioneer factors. First, Saunders is imprisoned under penalty of death, but it does not appear that a date for execution has been set. However, this case has been pending for ten years in federal court and to allow a further litigation at the District Court level will unduly impact judicial proceedings, especially in light of the fact that the issue Saunders wishes to be addressed has not been shown to have any merit. *See infra*. Second, the delay was not within Saunders' reasonable control because -- *as alleged* -- he is an indigent death row inmate whose volunteer counsel failed to communicate a conflict of interest or seek to withdraw from representation of him in his case. Third, Saunders asserts that he is acting in good faith. Neither the record nor the State of Alabama indicate otherwise. Fourth, although the State did not specifically argue prejudice, the Court finds prejudice to the State of Alabama,

given that Saunders' case has *already* been fully litigated on appeal. But considering no argument from the State on this factor, the court has not given significant weight to the obvious prejudice.

In the default judgment context the Court has held that "in order to establish mistake, inadvertence, or excusable neglect, the defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993)(citation omitted). And "[t]o obtain relief under 60(b), a [defaulting] party must demonstrate a defense that probably would have been successful, in addition to showing excusable neglect. Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986). Although this is matter is not in the context of a default judgment, the undersigned considers the merits of the untimely argument to be a relevant factor in determining whether Saunders should be allowed to seek relief from the judgment.

The Court now turns to the substance of Saunders' Rule 60(b)(1) motion, rooted in Martinez. Notably, whether Saunders has a meritorious defense. In response to Saunders' claim, the State of Alabama contends that Saunders' has no viable Martinez claim because:

> Saunders now asserts....that he has a meritorious *Martinez* claim because his habeas counsel did not argue that they were ineffective in their Rule 32 presentation of the "failure to prepare to testify" sub-claim of the larger "ineffective for guilt-phase questioning" claim. The problem with this assertion is that Saunders cannot prove a *Strickland v. Washington* [ ] violation as to the underlying claim that his trial counsel failed to adequately prepare him to testify. Under *Martinez*, to establish cause and prejudice, a petitioner must show that (1) state postconviction counsel were ineffective for failing to raise a claim, and (2) the underlying claim of ineffective assistance of trial counsel has "some merit." [ ] In other words, to be entitled to relief, Saunders must first show both that his trial counsel were unconstitutionally ineffective in preparing him to take the stand and that he was thereby prejudiced, such that there is a reasonable probability that the outcome of the trial would have been different if not for the ineffectiveness.[ ]

6

He cannot make that showing. At no point in his years of litigation has Saunders stated what his counsel should have done differently in preparing him to testify and how that different preparation would have convinced the jury to acquit him of capital murder. Indeed, the larger claim into which the "failure to prepare to testify" sub-claim has been folded concerns counsel's outright concession of guilt—and the courts that have considered that issue have found no error, in part because the case against Saunders was so damning.....

***

...At no time has Saunders even attempted to explain how his counsel's preparation was deficient and what further preparation his counsel could have undertaken with him in order to escape a capital conviction....

(Doc. 62 at 7-9 (footnotes omitted)).

The Court agrees with the State. Saunders has wholly failed to show that the underlying claim has even "some merit". As the State points out, Saunders has not indicated how his counsel failed to prepare him to testify or how this had any effect on the outcome of the trial. And it is not premature to expect Saunders to make some showing of merit to the claim he wishes to use to seek the extraordinary action of relief from the judgment.

Upon consideration, the Court finds that Saunders has not shown that "his underlying claim of ineffective assistance of trial counsel has "at least some merit." Thus, when assessing "all the relevant circumstances," the Court finds that Saunders request for relief from judgment pursuant to Rule 60(b)(1) is **DENIED**.

**DONE** and **ORDERED** this the **12th** day of **March 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**