IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY W. SAUNDERS, | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION: 1:10-00439-KD-C |
| | : | |
| STATE OF ALABAMA, | : | |
|     Respondent. | : | |

## ORDER

This matter is before the Court on Timothy W. Saunders (Saunders)' Rule 59(e) Motion regarding counsel (Doc. 68) and Rule 59(e) Motion as to the Court's ruling on his Rule 60(b)(1) motion (Doc. 69), the State of Alabama's Response (Doc. 71), and Saunders' Reply (Doc. 72).

## I.    Background

Saunders is currently incarcerated under a sentence of death imposed by the State of Alabama. On February 1, 2019, the Court denied Saunders' amended 28 U.S.C. § 2254 habeas petition and issued judgment on same. (Docs. 51 and 52)  However, the Court issued a certificate of appealability (COA) as to claim 1.b. -- "...Saunders's trial counsel was ineffective during the guilt phase because even if trial counsel's decision to call Mr. Saunders to testify during the guilt phase was made for strategic reasons, trial counsel's execution of that decision was ineffective at best, and, at worst, tended to establish the inference that Mr. Saunders was guilty of capital murder...." (Doc. 51 at 100).  On March 1, 2019, Saunders filed a notice of appeal.  (Doc. 53).

While the appeal was pending, on January 31, 2020, Saunders filed a Rule 60(b)(1) motion to alter the judgment, citing a conflict with counsel and arguing excusable neglect.  (Doc. 59).  Per Saunders, "[t]he question presented....is whether... [he] has shown excusable negligent sufficient to re-open the judgment. This Motion does not seek a ruling on whether... [he] received ineffective

assistance of trial counsel. This Motion only seeks further proceedings consistent with *Martinez v. Ryan*...[132 S.Ct. 1309 (2012)], based on attorney-client conflict of interest." (Doc. 59 at 1-2 (footnote omitted)). The Court in <u>Martinez</u> held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." <u>Martinez v. Ryan</u>, 566 U.S. 1, 9, 132 S. Ct. 1309, 1315 (2012). Saunders highlighted the following:

> In 2009, Balch & Bingham, LLP appeared as Mr. Saunders' volunteer counsel of record. Volunteer counsel sought state post-conviction relief for Mr. Saunders. On November 24, 2009, Mr. Saunders filed the initial petition for post-conviction relief ("Petition") pursuant to Rule 32 of the Alabama Rules of Criminal Procedure....assert[ing] several claims of ineffective assistance of trial counsel. The trial court summarily dismissed Mr. Saunders' claims on February 11, 2010....On appeal, the Alabama Court of Criminal appeal ("CCA") affirmed the summary dismissal...and the Alabama Supreme Court denied certiorari in 2017....

> In federal habeas, the same volunteer counsel that represented Mr. Saunders in state post-conviction proceedings continued to represent Mr. Saunders. In his federal habeas petition, Mr. Saunders did not seek to overcome any procedural bars by asserting entitlement to equitable relief granted in *Martinez*....When this Court denied habeas relief on February 1, 2019, it found an ineffective assistance of trial counsel claim procedurally barred.

(Doc. 59 at 2-3 (footnotes omitted)). From this, Saunders argued: 1) conflicted counsel could not assert the equitable remedy in <u>Martinez</u>; 2) his motion is not a successive habeas petition subject to AEDPA preclusion; and 3) he is entitled to relief based on excusable neglect. (<u>Id</u>. at 3-7).

On February 21, 2020, the Eleventh Circuit issued a *per curiam* opinion on Saunders' appeal regarding Claim 1.b, affirming this Court's denial of his Section 2254 petition. (Doc. 64 (CV 19-10817 (unpublished))). On March 12, 2020, this Court denied Saunders' Rule 60(b)(1) motion regarding excusable neglect, finding as follows:

> It appears that Saunders' Rule 60(b)(1) motion attacks a defect in the integrity of his habeas proceeding (conflicted counsel failure to argue cause to overcome

procedural default), not the substance of the court's resolution of his claim on the merits. Thus, the Court will consider Saunders' motion pursuant to Rule 60(b)(1).

Saunders hinges his Rule 60(b)(1) motion on excusable neglect, stating that "he relied on counsel who labored under a conflict of interest."  (Doc. 59 at 5). Accordingly, Saunders asserts he "never had the opportunity to establish cause or prejudice [per Martinez], because his volunteer counsel is unable to assert his own ineffectiveness...[and]...any neglect....is excusable based on volunteer counsel's failure to recognize the conflict, notify Mr. Saunders, withdraw or seek substitution[]" of counsel in his case. (Id. at 4).

*** 

To the extent applicable, the Court addresses the Pioneer factors.  First, Saunders is imprisoned under penalty of death, but it does not appear that a date for execution has been set.  However, this case has been pending for ten years in federal court and to allow a further litigation at the District Court level will unduly impact judicial proceedings, especially in light of the fact that the issue Saunders wishes to be addressed has not been shown to have any merit. *See infra*.  Second, the delay was not within Saunders' reasonable control because -- *as alleged* -- he is an indigent death row inmate whose volunteer counsel failed to communicate a conflict of interest or seek to withdraw from representation of him in his case. Third, Saunders asserts that he is acting in good faith.  Neither the record nor the State of Alabama indicate otherwise.  Fourth, although the State did not specifically argue prejudice, the Court finds prejudice to the State of Alabama, given that Saunders' case has *already* been fully litigated on appeal. But considering no argument from the State on this factor, the court has not given significant weight to the obvious prejudice.

*** 

Saunders has wholly failed to show that the underlying claim has even "some merit".  As the State points out, Saunders has not indicated how his counsel failed to prepare him to testify or how this had any effect on the outcome of the trial.   And it is not premature to expect Saunders to make some showing of merit to the claim he wishes to use to seek the extraordinary action of relief from the judgment.

...the Court finds that Saunders has not shown that his underlying claim of ineffective assistance of trial counsel has "at least some merit." Thus, when assessing "all the relevant circumstances," the Court finds that Saunders request for relief from judgment pursuant to Rule 60(b)(1) is **DENIED**....

(Doc. 65).  Additionally, the Court permitted Saunders' Balch & Bingham counsel to withdraw

(Doc. 66) and ruled that Saunders' request to appoint counsel (Doc. 58) was moot (Doc. 67).

On April 8, 2020, Saunders filed two (2) separate Rule 59(e) motions to alter or amend the

Court's March 12, 2020 rulings (Docs. 65, 67).  (Docs. 68, 69).  As to counsel (Doc. 68), Saunders

seeks reconsideration of the Court's "denial of statutory appointment of capital federal habeas counsel pursuant to 18 U.S.C. § 3599[]" as manifest error "in direct contravention of 18 U.S.C. § 3599 and Supreme Court precedent[]" which provides that "[h]abeas petitioners facing execution receive counsel as a matter of right, not an exercise of the court's discretion[,]" because "[t]o deny his request for the appointment of statutorily qualified counsel, while at the same time granting post-conviction counsel's request to withdraw, leaves Mr. Saunders entirely *without counsel*." Saunders adds that his request for counsel has not been rendered moot because he filed (on March 12, 2020), a petition for rehearing before the Eleventh Circuit (which was pending), and because he is also entitled to file an application for writ of certiorari to the U.S. Supreme Court before his Section 2254 proceedings could be considered concluded. Saunders adds: "continued post-conviction litigation, a stay of execution, end-stage litigation, and competency determinations are additional processes still available to Mr. Saunders. Finally, Mr. Saunders may seek executive clemency from the Governor of the State of Alabama."

As for the Court's denial of his Rule 60(b)(1) motion based on excusable neglect (Doc. 69), Saunders argues "significant manifest errors of law and fact" as follows:

> First, this Court applied the wrong standard to determine excusable neglect. It applied a more stringent excusable neglect standard than *Pioneer*. [  ] The Court erroneously required Mr. Saunders to prove the merits of his underlying claim in a Rule 60(b)(1) motion. The Court also misapplied *Pioneer* concluding that "when assessing all the relevant circumstances, the Court finds that Saunders [sic] request for relief from judgment pursuant to Rule 60(b)(1) is denied." [ ] Second, the Court exceeded its jurisdiction when it reached the substance of Mr. Saunders' ineffective assistance of counsel claim; a claim he was precluded from presenting under Gonzalez. [ ] The Court denied Mr. Saunders' Rule 60(b)(1) motion despite excusable neglect, because "Mr. Saunders has wholly failed to show that the underlying claim has even some merit."

(Doc. 69 at 4 (footnotes omitted)).  In response, the State of Alabama does not oppose Saunders' request for counsel, but contends the Court properly denied his Rule 60(b)(1) motion.  (Doc. 71).

On April 23, 2020, the Eleventh Circuit issued the mandate in this case.  (Doc. 73).

## II.    Discussion

As explained by the Eleventh Circuit in Caraway v. Sec'y, U.S. Dep't of Transp., 550 Fed.Appx. 704, 710 (11th Cir. 2013) (citing Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)): "[t]here are only two grounds for granting a Rule 59(e) motion for reconsideration: (1) 'newly-discovered evidence'; or (2) correcting 'manifest errors of law or fact.'"  See also e.g., Metlife Life & Annuity Co. of Conn. v. Akpele, 886 F.3d 998, 1008 (11th Cir. 2018) (same); U.S. E.E.O.C. v. St. Joseph's Hosp., Inc., 842 F.3d 1333, 1349 (11th Cir. 2016) (same); Nichols v. Alabama State Bar, 815 F.3d 726, 733 (11th Cir. 2016) (same); Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (same). A Rule 59(e) motion cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (citations omitted); St. Joseph's, 843 F.3d at 1349 (same); Jacobs, 626 F.3d at 1344 (same); Arthur, 500 F.3d at 1343 (same). Indeed, "[m]otions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued. [ ] Denial of a motion for reconsideration is 'especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation.'" Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998) (footnotes omitted).

### A.    Counsel

Regarding the motion to reconsider the ruling denying substitution of counsel (now effectively a motion to appoint counsel), 18 U.S.C. Section 3599(a)(2) provides that federal habeas petitioners who have been sentenced to death have a right to the appointment of counsel as follows: "In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code,

seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f)." 18 U.S.C. § 3599(a)(2). See generally Chavez v. Secretary, Fla. Dept. of Corr., 742 F.3d 940 (11th Cir. 2014).  The appointed counsel "must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years' experience in the handling of appeals in that court in felony cases."  Madison v. Allen, 2009 WL 112045, *1 (S.D. Ala. Jan.1 6, 2009) (Section 3599(c)). Additionally, appointed counsel must have the "background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." 18 U.S.C. § 3599(d).

The undersigned now reconsiders its previous ruling. Specifically, Saunders' prior request for substitution (due to a conflict) relied on a pending petition for rehearing before the Eleventh Circuit (asserting a need for counsel for same).  The Eleventh Circuit docket for this case indicates that on April 22, 2020, Saunders' petition was denied and thus, is no longer pending. *However*, as to Saunders' other contentions for appointment of counsel -- that he is *also* entitled to file an application for writ of certiorari to the Supreme Court, as well as engage in "continued post-conviction litigation, a stay of execution, end-stage litigation, and competency determinations ...[]" and "executive clemency from the Governor of the State of Alabama[,]" -- the Court finds that Saunders is due counsel at this time.  This is because -- at present -- Saunders (a death penalty prisoner) is wholly without counsel given the withdrawal of his conflicted counsel coupled with the Court's denial of his request to appoint the Assistant Federal Defenders for the Middle District

of Alabama, as requested.  The Court finds that given these circumstances, reconsideration of his

request for said specific statutory counsel is merited.

Here, Saunders -- a death penalty petitioner -- now has effectively "no counsel at all" due

to the conflict asserted, withdrawal of prior counsel, and the Court's denial of his motion to appoint

counsel.  Additionally, as asserted, Saunders is financially unable to obtain adequate representation

or retain investigative, expert, or other reasonably necessary services.  As a capital defendant, the

Court finds he is entitled to appointed counsel.  The Court's review of Saunders' motion for counsel

(the Capital Habeas Unit of the Middle District of Alabama Federal Defender Organization)

indicates that Defender Christine A. Freeman has agreed to accept his case and that Saunders'

requested counsel satisfies the requirements of Section 3599: 1) Attorney Leslie S. Smith is the

First Assistant to the Defender and the supervisor of the CHU, has been admitted to practice in the

Eleventh Circuit for 14 years and has 16 years of experience in the handling of capital habeas

corpus cases, including appeals to the Eleventh Circuit; and 2) Attorney Allyson R. duLac is an

Assistant Federal Defender in the CHU, who has been admitted to practice in the Eleventh Circuit

for 14 years, and was the Death Penalty Law Clerk in the S.D. Fla. for 11 years, where she oversaw

the adjudication of more than 50 capital habeas corpus cases.  (Doc. 68 at 6-7).  Additionally, the

Court has considered the purpose of Section 3599, that Saunders intends to pursue further Section

2254 proceedings/continued post-conviction litigation (that "his case is far from over[]"), the

"interests of justice," and the reasons outlined in the State of Alabama's response (indicating no

opposition to the request for counsel (Doc. 71 at 6-8)).

Upon consideration of the foregoing, the Court **GRANTS** Saunders' Rule 59(e) motion as

to the Court's March 12, 2020 ruling on appointment of counsel, and it is **ORDERED** that counsel

**Allyson R. DuLac** and **Leslie S. Smith**, Assistant Federal Defenders with the Federal Defenders

of the Middle District of Alabama, are hereby **APPOINTED** as habeas counsel for Saunders.

### B.    Improper Standard & Reaching the Merits

Saunders claims "manifest errors of law"  -- asserting the Court erred in denying his Rule

60(b)(1) motion 1) by applying an improper (more stringent) standard to determine excusable

neglect (requiring him to prove the merits of his underlying claim) misapplying Pioneer, 507 U.S.

380, and 2) by exceeding its jurisdiction via reaching the substance of his ineffective assistance of

counsel claim which he was precluded from presenting by Gonzalez, 545 U.S. 524.

First, as to the improper standard, Saunders' Reply focuses in on his claimed "clear conflict

of interest" with counsel, noting the State's failure to address same.  (Doc. 72 at 3-4).  Per Saunders:

> But for this conflict, federal habeas counsel would have argued an entitlement to *Martinez*
> relief in the Petitioner's initial §2254 petition. The Petitioner would have raised his
> *Martinez* claim without having to establish excusable neglect. Federal habeas counsel
> would have acknowledged that the claim was unexhausted but would argue that volunteer
> counsel was ineffective for failing to properly exhaust this claim for federal habeas review.
> Indeed, but for the conflict, the entitlement to equitable relief raised herein, would have
> and should have, already been resolved by this Court. Volunteer counsel's ineffectiveness
> during state post-conviction proceedings entitle the Petitioner to overcome the procedural
> bar asserted by the Respondent. To deny the Petitioner an opportunity to assert a *Martinez*
> claim he could have pled—but for his volunteer counsel's conflict of interest—is manifest
> error. To refuse the Petitioner a meaningful opportunity to brief his *Martinez* claim, now
> that volunteer counsel has withdrawn, subjects him to disparate treatment solely because
> of an unknown and undisclosed conflict of interest which existed during his entire
> substantive federal habeas proceedings. This is the type of inequity that *Martinez*
> specifically sought to remedy.

(Doc. 72 at 4-5).  In contrast, the State argues the Court properly applied Pioneer and its four-part

excusable neglect test because: "the Court found that allowing Saunders to litigate his *Martinez*

claim would be prejudicial to Respondent...[and] 'unduly impact judicial proceedings,' particularly

because the case had been pending for ten years in the district court and the claim of ineffective

assistance was not meritorious. Indeed, when Saunders raised his Rule 60(b)(1) motion, his habeas

case was not merely in the Eleventh Circuit—it had been fully briefed, oral argument had been

held, and the parties were awaiting a decision. Saunders would have had the circuit court withhold

judgment and this Court reopen his habeas case to litigate an issue that he had no substantial

likelihood of winning, an undue delay in a case that had already lingered in this Court for a decade."

(Doc. 71 at 9).  Per the State, it would be inequitable to Alabama and the courts for Saunders to

"draw out" his habeas proceedings "just to argue a meritless claim[,]" and enforcement of his

sentence has been "on hold" already for more than 14 years  (Id. at 10).

Second, Saunders asserts the Court erred by reaching the merits of his underlying

substantive claim, because he could not, and did not, present such in his Rule 60(b)(1) motion:

> .....Saunders could not present his underlying substantive claim for habeas relief,
> because "a Rule 60(b) motion is to be treated as a successive habeas petition if it:
> (1) seeks to add a new ground of relief; or (2) attacks the federal court's previous
> resolution of a claim on the merits." [ ] Mindful of the jurisdictional prohibition...
> Saunders refrained from raising any substantive issues and only presented one
> procedural issue concerning excusable neglect: whether ...Saunders' mistake of fact
> concerning the attorney-client conflict of interest between him and post-conviction
> counsel constitutes excusable neglect as contemplated in Rule 60(b)(1)...Saunders
> did not seek a ruling on whether he received ineffective assistance of trial counsel,
> because a proper Rule 60(b)(1) motion is one that only addresses procedural
> grounds, not the substance of the habeas proceedings []

(Doc. 69 at 8 (footnote omitted)).  Per Saunders, however, the Court nevertheless reached the

merits of his underlying substantive habeas claim and denied his motion based on assessment of a

claim he could not and did not present, resulting in error.  Saunders requests the Court grant his

motion and allow him to brief his entitlement to Martinez relief, which will enable the Court to

assess the true merits of his underlying substantive claim.  (Doc. 69 at 9).

Additionally, Saunders contends the Court exceeded its subject matter jurisdiction by

reaching the merits of his underlying substantive claim (ineffective assistance of trial counsel)

which it previously determined to be procedurally defaulted because: 1) federal habeas review of

a defaulted claim is barred unless a petitioner can demonstrate cause for the default and actual

prejudice as a result of the alleged violation of federal law; and 2) once the Court disposed of the

ineffective assistance claim on procedural default grounds, such barred any merits review.

Saunders argues that the question presented concerned his excusable neglect -- not any substantive

habeas claim he could not present in a Rule 60(b) motion.

In response, the State argues the Court neither exceeded its jurisdiction nor erred by

reaching the merits of Saunders' ineffective assistance claim because: "the claim underlying

Saunders's supposed *Martinez* claim is that trial counsel were ineffective for failing to prepare him

to testify, [ ] a claim that was defaulted for failure to exhaust in state postconviction. For the reasons

discussed in Respondent's answer to Saunders's Rule 60(b)(1) motion [ ] and in this Court's order,

[ ] Saunders cannot prove that his trial counsel were ineffective or that he was thereby prejudiced,

and so he cannot establish a *Martinez* violation." (Doc. 71 at 10 (footnotes omitted)).  Per the

State, the Court properly addressed the two primary <u>Pioneer</u> factors of prejudice to the non-movant

and impact on the administration of justice, and here "all Saunders offers is a vague allegation that

his trial counsel should have better prepared him to testify, and this claim does not satisfy the

*Strickland v. Washington* [ ] standard." (<u>Id</u>. at 11 (footnote omitted)).  The State contends that:

> ... At no point in the last fourteen years of litigation has Saunders stated what his
> counsel could have done differently in preparing him to testify that would have led
> to an acquittal on the capital murder charge. Because Saunders cannot prove a
> *Strickland* violation, he cannot establish any right to relief under *Martinez*, which
> requires that postconviction counsel have been ineffective for failing to raise a
> claim that has "some merit." [  ] And yet, Saunders would have this Court reopen
> his habeas proceeding to brief this meritless claim, despite the fact that he cannot
> show prejudice from either trial or postconviction counsel. Returning to *Pioneer*,
> this would be nothing short of an undue delay.
>
> Saunders presented many of the same arguments to the Eleventh Circuit in his stay
> motion as were presented to this Court in his Rule 60(b)(1) motion. The Eleventh

Circuit denied a stay, implicitly deeming these arguments meritless. There is no reason for this Court to do otherwise.

(Id. at 11-12 (footnotes omitted)).

In rebuttal -- as to the merits -- Saunders argues that Martinez only requires that the underlying claim has "*some* merit," adding that a defaulted claim is substantial if the resolution of its merits would be debatable among jurists of reason. (Doc. 72 at 10 (emphasis in original)). Per Saunders, his ineffective assistance of trial counsel claim for failure to prepare a criminal defendant to testify is "clearly a *Strickland* claim of *some* merit." (Id. at 11). Saunders adds that he need not show prejudice in the manner espoused by the State, only that "there is a reasonable probability that, but for counsel[']s unprofessional errors, the result of the proceeding would have been different." (Id. (citing Nix v. Whiteside, 475 U.S. 157, 176 (1986). Saunders argues that, for Strickland prejudice purposes, he "could also show, but for trial counsel's failure to prepare him to testify, he would have been convicted of a lesser included offense [ ] or the jury would have recommended life without parole. An acquittal is not required. [ ]" (Id. at 12 (footnotes omitted)).

The Court has considered Saunders' Rule 59(e) arguments and the State of Alabama's position in response. Despite Saunders' protestations, the Court cannot conclude there are grounds for reconsideration. The standard the Court applied was neither more stringent, nor a manifest error of law. The undersigned did not require Saunders "*prove*" the merits of his underlying claim. Rather, the Court concluded Saunders had not shown "*some* merit" to support his claim. For instance, as noted in the prior Order, Saunders did not indicate *how* his counsel failed to prepare him to testify, or *how* this had *any* effect on the outcome of his trial (i.e., *some* showing of merit to the claim Saunders wishes to rely upon) to viably seek the extraordinary action of relief from the judgment. Additionally, Saunders takes issue with the Court's application of the Pioneer

11

factors based, primarily, on his mischaracterization of same.  However, the Court considered the relevant circumstances and highlighted his failure to show *some* merit in support of same.

Upon consideration, the Court finds Saunders: "is attempting to re-litigate matters already considered and rejected by the Court. Petitioner has not demonstrated any basis under Rule 59 warranting the Court's reconsideration .... A review of the applicable law shows that the Court has not committed a clear error in interpreting the law or the facts. Finally, this is not a case in which the extraordinary remedy of granting a motion to alter or amend judgment should be employed." Watson v. Secretary, Fla. Dept. of Corr., 2018 WL 10323362, *1 (M.D. Fla. Feb. 6, 2018).  In sum, Saunders' Rule 59(e) motion, on these issues, does not establish circumstances warranting *extraordinary* relief from which this Court would be prompted to reconsider its ruling. Thus, it is **ORDERED** that Saunders' Rule 59(e) motion regarding excusable neglect (Doc. 69) is **DENIED.**

C.      **COA**

Finally, this Court addresses whether Saunders is entitled to a Certificate of Appealability (COA) from the order denying his Rule 59(e) motion challenging the prior denial of his federal habeas relief. Perez v. Sec'y, Fla. Dep't of Corr., 711 F.3d 1263, 1264 (11th Cir. 2013) (citing 28 U.S.C. § 2253(c)(1)). A COA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. Tennard v. Dretke, 542 U.S. 274, 282 (2004); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 483 (2000); Barefoot v. Estelle, 463 U.S. 880, 893 (1983). To make such a showing, the petitioner need *not* show he will prevail on the merits but, rather, must demonstrate that reasonable jurists could debate whether (or, for that matter, agree) the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. Tennard, 542 U. S. at

282; Miller-El, 537 U.S. at 336. Upon consideration, Saunders has failed to make a substantial showing of the denial of a constitutional right such that he is not entitled to a COA.

### III.     Conclusion

Accordingly, it is **ORDERED** that Saunders' motion for counsel (Doc. 68) is **GRANTED** and Saunders' motion regarding excusable neglect (Doc. 69) is **DENIED** as detailed *supra*, and he is not entitled to a COA.

**DONE** and **ORDERED** this the **27th** day of **May 2020.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**