IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY W. SAUNDERS,  :  Petitioner,  : : | |
| v.  : | CIVIL ACTION: 1:10-00439-KD-C |
| : | |
| STATE OF ALABAMA,  :  Respondent.  : | |

**ORDER**

This matter is before the Court on Petitioner Timothy W. Saunders (Saunders)' Motion for Certificate of Appealability (Doc. 90) and Respondent State of Alabama (State)'s Opposition (Doc. 92).

Specifically, before the Court is Saunders' motion for a certificate of appealability (COA) to appeal the Court's denial of his Rule 59(e) motion to alter or amend as to the Court's denial of his Rule 60(b)(6) motion. Saunders seeks a COA as with regard to the following issues, claiming that for same, reasonable jurists could disagree: 1) whether his Rule 60(b)(6) Motion was untimely; 2) whether the applicable standard to analyze the conflict of interest is that of a constitutional violation rather than a statutory violation of 18 U.S.C. § 3599; 3) whether any conflict of interest was waived; and 4) whether due process required an evidentiary hearing for the proper adjudication of the Rule 60(b)(6) Motion.

Saunders seeks to appeal the denial of his most recent Rule 59(e) motion. A COA is required for an appeal arising from Rule 59(e) and Rule 60(b) motions following a 28 U.S.C. § 2254 petition. To obtain a COA, Saunders must make "a substantial showing of the denial of a constitutional right[]" -- that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"). Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 800, 893 n.4 (1983)). See also 28 U.S.C. § 2253(c)(2) ("[a] certificate of

1

appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right[])". See generally Perez v. Secretary, Fla. Dept. of Corr., 711 F.3d 1263, 1264 (11th Cir. 2013) (Rule 59(e) motion); Gonzalez v. Secretary for the Dept. of Corr., 366 F.3d 1253, 1263 (11th Cir. 2004) (Rule 60(b) motion). If dismissed on the merits, the petitioner must demonstrate the district court's conclusion was debatable or wrong. Slack, 529 U.S. at 484.  However if dismissed on procedural grounds, the petitioner must make two (2) showings: "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Lambrix v. Secretary, Dept. of Corr., 872 F.3d 1170, 1179 (11th Cir. 2017) (quoting Slack, *supra*).  The Supreme Court makes clear that the "issuance of a COA must not be *pro forma* or a matter of course." Miller-El v. Cockrell, 537 U.S. 322, 337 (2003).

Upon consideration, the Court finds that Saunders has not satisfied his burden of showing entitlement to issuance of a COA.  Specifically, Saunders has failed to demonstrate that reasonably jurists could disagree as to whether: his Rule 60(b)(6) Motion was untimely, the Court applied an incorrect conflict of interest standard, the Court incorrectly considered his conflict waiver, and/or that the lack of an evidentiary hearing violated his due process rights.  In contrast, the State's opposition details the grounds supporting a denial of a COA, and the Court adopts by reference thereto the rationale set forth in same (Doc. 92).  Thus, it is **ORDERED** that Saunders' motion for a COA (Doc. 90) is **DENIED.**

**DONE** and **ORDERED** this the **9th** day of **February 2021.**

/s/ Kristi K. DuBose
**KRISTI K. DUBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**